UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS LATRICE CARROLL,<br>　　　　Plaintiff,<br>　v.<br>SUPERIOR COURT OF CONTRA COSTA COUNTY, et al.,<br>　　　　Defendant(s). | Case No. 24-cv-03565-EMC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND & GRANTING LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>ECF Nos. 1, 2 |

## I.　INTRODUCTION

Demetrius Latrice Carroll, a prisoner at the Central California Women's Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining of her legal representation and the conduct of the state prosecutor, the Superior Court of Contra Costa County, and the Superior Court judge during her criminal proceedings. *See* Dkt. No. 1 (Complaint). The Complaint is before the Court for review under 28 U.S.C. § 1915A. Ms. Carroll has also filed an application for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Dkt. No. 5. The Court addresses each item in turn.

## II.　BACKGROUND

Ms. Carroll is suing the following individuals for events that occurred during her state criminal proceedings: Sarah Bluestone, a Deputy Public Defender for Contra Costa County who represented Ms. Carroll in her state criminal case; Jennifer L. Velarde, a Deputy District Attorney for Contra Costa County; the Superior Court, and Judge John C. Cope (collectively, "Defendants"). Dkt. No. 1 at 2. This Court recently dismissed another of Ms. Carroll's civil rights complaint against the same defendants. *See Carroll v. Velarde et al.*, No. 24-cv-02782-EMC (N.D. Cal., filed May 8, 2024) (hereafter, "Case No. 02782").

Ms. Carroll contends that Defendants denied her right to a speedy trial when Judge Cope granted a joint request for a continuance by Ms. Bluestone and Ms. Velarde, delaying Ms. Carroll's preliminary hearing by two days, for a total of twelve days.[1]  Dkt. No. 1 at 2-3.  She also raises several new allegations regarding Ms. Velarde, the prosecutor in her state criminal case, and Judge Cope, the judge in her state criminal case.  Ms. Carroll contends that Ms. Velarde "allowed a witness to testify who was obviously high and lying."  Dkt. No. 1 at 3.  Ms. Carroll also contends that her right to due process was violated when Defendants "engage[d] in acrimonious exchanges on a regular basis" and "constantly exchang[ed] favors because [Ms. Carroll] already ha[d] a civil complaint" against them.  Dkt. No. 1 at 3.  Finally, she contends that Judge Cope violated her right to due process by stating that he "believe[d] [Ms. Carroll] shot this man," i.e., the victim in her criminal case, during her preliminary hearing.  Dkt. No. 1 at 3.

Ms. Carroll seeks financial compensation, dismissal of her criminal charges, and removal of Defendants from their duties.  Dkt. No. 1 at 3.

### III.   DISCUSSION

#### A. Legal Standard

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or their officer or employee.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Although Ms. Carroll does not cite to any statute, it appears that she is partially basing her speedy trial claim on California Penal Code § 859b, which states that a preliminary hearing shall be held within 10 court days from arraignment.  Ms. Carroll raised the same claim in Case No. 02782.  *See* Case No. 02782, Dkt. No. 1.

2

defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Proper Remedy

At the outset, to the extent that Ms. Carroll seeks release from custody based on her civil rights claims, the Court notes that habeas corpus is the appropriate vehicle to challenge the lawfulness and duration of confinement and provides the exclusive remedy for prisoners seeking immediate or speedier release from confinement. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011). A suit under Section 1983 is not appropriate for such relief. However, as Ms. Carroll also seeks monetary compensation, the Court analyzes each of her claims below.

### C. Speedy Trial

As noted, Ms. Carroll contends that her public defender, Ms. Bluestone, state prosecutor Ms. Velarde, and her state trial court judge, Judge Cope, violated her right to a speedy trial by agreeing to continue Ms. Carroll's preliminary hearing for two days. Dkt. No. 1 at 2. This claim is repetitive and identical to a claim that was dismissed in Case No. 02782. As will be discussed in more detail below, in addition to this claim being barred by prosecutorial immunity, judicial immunity, or simply because public defenders are not considered state actors, the claim fails to show any violation of Ms. Carroll's constitutional rights. To the extent Ms. Carroll's speedy trial claim seems to be based on California Penal Code § 859b, which requires a preliminary hearing within 10 days of arraignment, such violation of state law is not cognizable in this lawsuit. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (violations of state law or procedure do not give rise to a federal civil rights claim). To the extent that Ms. Carroll's speedy trial claim is based on the Sixth Amendment, it fails because she does not allege any prejudice from the two-day delay to

her preliminary hearing. *See United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (holding that 22-month delay did not violate the Sixth Amendment's speedy trial guarantee where no prejudice was shown). Accordingly, this claim is **DISMISSED**.

### D. Due Process – Witness Testimony

Ms. Carroll contends that Ms. Velarde violated her right to due process by allowing testimony from a witness who was "obviously high and lying." Dkt. No. 1 at 3. Ms. Carroll does not provide details about the alleged witness, false testimony, or any resulting prejudice. *Napue v. Illinois*, 360 U.S. 264, 269-71 (1959). Regardless, it appears that Ms. Velarde's conduct is subject to prosecutorial immunity. A state prosecutor is entitled to absolute immunity from civil liability for her conduct in prosecuting a criminal case as an "officer of the court" or "advocate for the State" as long as her actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).[2] It is undisputable that case management— the action at issue in Ms. Carroll's speedy trial claim— and eliciting testimony from a witness at a hearing for a criminal prosecution are "intimately associated with the judicial phase of the criminal process." This claim is **DISMISSED**.

### E. Due Process - Statement by Judge Cope

Ms. Carroll contends that Judge Cope violated her right to due process by stating during her preliminary hearing that he "believe[d]" Ms. Carroll shot the victim. Dkt. No. 1 at 3. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial

---

[2] Absolute immunity may not apply to prosecutors only in limited circumstances where a prosecutor is acting outside of the judicial process, but no such circumstances have been presented here. *See Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005) (prosecutor not entitled to absolute immunity for calling police department to sabotage an officer's job prospects).

capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Here, Ms. Carroll points to Judge Cope's statement that he believed Ms. Carroll shot the victim in her criminal case— the factual question at issue per Ms. Carroll's complaint— during Ms. Carroll's preliminary hearing; as stated in the previous section, Ms. Carroll has also challenged Judge Cope's case management decision by granting a continuance. *See* Dkt. No. 1 at 2-3; *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 12 (preliminary hearings may result in judicial finding of probable cause that alleged crime was committed). However, these challenged actions are normal and expected judicial acts that are subject to absolute immunity. Accordingly, this claim is **DISMISSED**.

### F. Due Process – Acrimonious Exchanges

Finally, Ms. Carroll contends that her right to due process was violated when all Defendants "engage[d] in acrimonious exchanges on a regular basis" and "constantly exchang[ed] favors because [Ms. Carroll] already ha[d] a civil complaint" against them. Dkt. No. 1 at 3.

Ms. Carroll does not explain how Defendants' tone of conversation or civility with each other violates her right to due process. *See Clegg*, 18 F.3d at 754-55 ("the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"). In addition, Ms. Carroll's claim appears to stem from interactions that took place during her state criminal proceedings, and prosecutorial and judicial immunity would very likely apply to any such conduct by Ms. Velarde and Judge Cope. *See* Dkt. No. 1 at 3; *Stump*, 435 U.S. at 362. While Ms. Bluestone does not have immunity, the Supreme Court has consistently held that public defenders performing their traditional functions do not "act under color of state law" for purposes of civil rights claims. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465 (9th Cir. 2003); *see* 42 U.S.C. § 1983. Ms. Carroll has not alleged that Ms. Bluestone acted in any capacity other than her public defender, let alone allege that Ms. Bluestone was acting under the color of state law. This claim is **DISMISSED**.

### G. Claims Against the Superior Court

Ms. Carroll also names the Superior Court of Contra Costa as a defendant but does not appear

to raise specific allegations of wrongdoing against the Superior Court. "In a § 1983 suit . . . each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). There is no liability under 42 U.S.C. § 1983 on the theory that one party is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."). The Superior Court, as a governmental entity, is not subject to liability based on a general allegation that supervisors of the Court knew about a constitutional violation and generally created policies and procedures that led to the violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). In addition, the Ninth Circuit has held that a state superior court is an arm of the state and therefore has 11th Amendment "sovereign" immunity—no exceptions. *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024). Accordingly, regardless of the nature of Ms. Carroll's claims against the Superior Court, they are barred by the 11th Amendment and must be **DISMISSED**.

### H. Leave to Amend

Given the foregoing, the Court must now consider whether to grant Ms. Carroll leave to amend. When determining whether to grant leave to amend, Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave when justice so requires." A *pro se* litigant should generally be given leave to amend unless the complaint's deficiencies cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010).

Here, the Court has determined that Ms. Carroll's claims against Ms. Velarde and Judge Cope are barred by absolute immunity, the claims against the Superior Court are barred by 11th Amendment sovereign immunity, and that the claims against Ms. Bluestone must be dismissed because a public defender is not a state actor and therefore is not subject to liability under 42 U.S.C. § 1983. The claims cannot be fixed by amendment, and granting leave to amend would be futile. Accordingly, the Court **DENIES** leave to amend.

### IV.   CONCLUSION

Ms. Carroll's motion to proceed IFP is **GRANTED**. Dkt. No. 2. The total filing fee due is

1  $350.00 and the initial partial filing fee due at this time is $ 0.00.  *See* 28 U.S.C. § 1915(b)(1).  A
2  copy of this order and the attached instructions will be sent to Ms. Carroll, the prison trust account
3  office, and the court's financial office.
4        For the foregoing reasons, the Complaint is **DISMISSED**.
5        **IT IS SO ORDERED**.

7  Dated: February 21, 2025

                                                                              _____
                                                                              EDWARD M. CHEN
                                                                              United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action *in forma pauperis* in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff/Petitioner
      Court's Finance Office